UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **SHAKIMA YOUNG,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 05-2066 |
| **RAMADA LIMITED, a hotel/motel; and RICHFIELD, a Swan Solution, a Delaware Corporation, d/b/a RICHFIELD HOSPITALITY SERVICES, INC., d/b/a M & C HOTEL INTERESTS, INC.,** | ) |
| **Defendants.** | ) |

_____

**OPINION**
_____

On March 9, 2005, Plaintiff Shakima Young filed a Complaint (#1) alleging violations of Title VII of the Civil Rights Act of 1964. On August 5, 2005, Plaintiff filed an Amended Complaint (#6). Neither Defendant Ramada Limited nor Richfield has responded to the complaint. On December 15, 2005, Plaintiff filed a Motion for Default Judgment (#12). On December 16, 2005, this court entered an order denying the motion because Plaintiff provided no evidence to the court that either Defendant had been properly served. On January 17, 2006, Plaintiff filed a Second Motion for Default Judgment (#13). On January 30, 2006, this court entered an order requiring Plaintiff to submit an affidavit indicating service was accomplished pursuant to Federal Rule of Civil Procedure 4(h), governing service upon corporations. With regard to Defendant Richfield, Plaintiff submitted an affidavit by the process server, Timothy McWard, that the registered agent of Richfield, CT

Corporation Systems, had been served on August 15, 2005. However, with regard to Defendant Ramada Limited, the return of service filed with the court indicated only that James C. Randall had been served. Plaintiff's counsel indicated that the process server is now deceased. On February 16, 2006, this court entered an order indicating Plaintiff had failed to file an affidavit demonstrating that Defendant Ramada Limited was properly served and allowed Plaintiff until February 17, 2006, to file such an affidavit. The court warned that failure to submit this affidavit would result in the dismissal of Defendant Ramada Limited for failure to prosecute. On February 17, 2006, Plaintiff's counsel filed an Affidavit (#16) indicating she was advised by a customer service representative for Ramada, Inc., that James Randall is the owner of the "hotel/motel in question."

Pursuant to Federal Rule of Civil Procedure 4(h), "service upon a domestic or foreign corporation . . . and from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1) [which allows for service pursuant to the law of the state where the district is located or in which service is effected], or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Neither the federal rule nor Illinois law allows for service upon the owner of a corporation. See Fed. R. Civ. P. 4(h); 755 Ill. Comp. Stat. 5/2-204. Plaintiff has given no indication that Randall is either an officer or agent of Ramada Limited authorized to receive process. Accordingly, this court concludes Plaintiff has failed to properly serve Ramada Limited.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f service of the summons and complaint

is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." This case has languished on the court's docket for nearly a year without Ramada Limited being properly served. Accordingly, this court sets a Rule to Show Cause hearing for March 9, 2006, at 10:00 a.m. for Plaintiff to demonstrate why this cause against Ramada Limited should not be dismissed for failure to prosecute.

With regard to Defendant Richfield, Plaintiff has demonstrated that service was properly accomplished on August 15, 2005. Defendant Richfield has failed to file a responsive pleading to the complaint. Because Defendant Richfield has failed to file a responsive pleading within the statutory time frame, Plaintiff's Request for Entry of Default (#13) is GRANTED with regard to Richfield.

IT IS THEREFORE ORDERED:

(1) Plaintiffs' Request for Entry of Default (#13) is GRANTED with respect to Defendant Richfield and DENIED with respect to Defendant Ramada Limited.

(2) A Rule to Show Cause hearing is scheduled for March 9, 2006, at 10:00 a.m. for Plaintiff to demonstrate why Ramada Limited should not be dismissed for failure to prosecute.

(3) A hearing on damages to be awarded with regard to the default entered against Defendant Richfield is also scheduled for March 9, 2006, at 10:00 a.m.

ENTERED this 22nd day of February, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE