E-FILED
Monday, 17 April, 2006  01:31:41 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **SHAKIMA YOUNG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 05-2066 |
| vs. ) | |
| ) | |
| **RAMADA LIMITED, a hotel/motel, and** ) | |
| **RICHFIELD, a Swan Solution, a Delaware** ) | |
| **Corporation, d/b/a RICHFIELD** ) | |
| **HOSPITALITY SERVICES, INC., d/b/a** ) | |
| **M & C HOTEL INTERESTS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

---

## OPINION
---

This matter is before the court on Plaintiff's Petition for Attorney's Fees and Costs (#18) and to set an amount of damages following this court's entry of default judgment against Defendant Richfield on February 22, 2006. This court held a hearing on damages on March 9, 2006. Also on that date, this court held a rule to show cause hearing regarding why Defendant Ramada Limited should not be dismissed for failure to be properly served. For the reasons that follow, Defendant Ramada Limited is dismissed from the action for failure to prosecute. Furthermore, Plaintiff is awarded a total of $47,700 in damages, attorney's fees and costs from Defendant Richfield based upon the evidence presented on March 9, 2006.

A. Service Upon Defendant Ramada Limited

On March 9, 2005, Plaintiff Shakima Young filed a Complaint (#1) alleging violations of Title VII of the Civil Rights Act of 1964. On August 5, 2005, Plaintiff filed an Amended Complaint

(#6). Neither Defendant Ramada Limited nor Richfield has responded to the complaint. On December 15, 2005, Plaintiff filed a Motion for Default Judgment (#12). On December 16, 2005, this court entered an order denying the motion because Plaintiff provided no evidence to the court that either Defendant had been properly served. On January 17, 2006, Plaintiff filed a Second Motion for Default Judgment (#13). On January 30, 2006, this court entered an order requiring Plaintiff to submit an affidavit indicating service was accomplished pursuant to Federal Rule of Civil Procedure 4(h), governing service upon corporations. With regard to Defendant Richfield, Plaintiff submitted an affidavit by the process server, Timothy McWard, that the registered agent of Richfield, CT Corporation Systems, had been served on August 15, 2005. However, with regard to Defendant Ramada Limited, the return of service filed with the court indicated only that James C. Randall had been served. Plaintiff's counsel indicated that the process server is now deceased. On February 16, 2006, this court entered an order indicating Plaintiff had failed to file an affidavit demonstrating that Defendant Ramada Limited was properly served and allowed Plaintiff until February 17, 2006, to file such an affidavit. The court warned that failure to submit this affidavit would result in the dismissal of Defendant Ramada Limited for failure to prosecute. On February 17, 2006, Plaintiff's counsel filed an Affidavit (#16) indicating she was advised by a customer service representative for Ramada, Inc., that James Randall is the owner of the "hotel/motel in question."

As this court stated at the hearing on March 9, 2006, pursuant to Federal Rule of Civil Procedure 4(h), "service upon a domestic or foreign corporation or upon a partnership or other unincorporated association and from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by

subdivision (e)(1) [which allows for service pursuant to the law of the state where the district is located or in which service is effected], or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Neither the federal rule nor Illinois law allows for service upon the owner of a corporation. See Fed. R. Civ. P. 4(h); 755 Ill. Comp. Stat. 5/2-204. In her previous filings, Plaintiff gave no indication that Randall is either an officer or agent of Ramada Limited authorized to receive process. Accordingly, in an Opinion (#17) entered February 22, 2006, this court concluded Plaintiff failed to properly serve Ramada Limited. In that same Opinion, this court set the March 6, 2006, Rule to Show Cause hearing for Plaintiff to demonstrate why this cause against Ramada Limited should not be dismissed for failure to prosecute.

At the hearing on the rule to show cause, counsel for Plaintiff indicated that she would file documentation indicating service was properly accomplished. Along with her petition for attorney's fees and costs, Plaintiff's counsel submitted documentation indicating that Defendant Ramada Limited is a franchise. However, Plaintiff has still failed to provide any authority indicating service was properly effected by serving the owner of Ramada Limited. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." This case has languished on the court's docket for over a year, and Plaintiff has still not demonstrated that Ramada Limited has been properly served. Accordingly,

Defendant Ramada Limited is dismissed as a Defendant in this action. If Plaintiff can provide this court with some authority to support her assertion that service was properly accomplished, this court will reconsider its ruling on this issue.

B. Damages Award with Respect to Defendant Richfield

In an Opinion (#17) entered February 22, 2006, this court entered default with regard to Defendant Richfield. Plaintiff's complaint seeks damages pursuant to Title VII asserting Plaintiff was denied promotions and ultimately discharged based upon her race, African-American. Plaintiff further asserts she was discharged in retaliation for filing a claim of discrimination with the Equal Employment Opportunity Commission. Pursuant to 42 U.S.C. § 2000e-5(g), Plaintiff is entitled to back pay from the time of her termination. At the hearing on March 6, 2006, Plaintiff presented evidence indicating she lost wages in the amount of $14,155 from being terminated and from a lost promotion. Plaintiff also presented evidence of emotional pain, suffering and mental anguish, seeking $30,000 in compensatory damages pursuant to 42 U.S.C. § 1981a(a)(1). This court finds the amount of compensatory damages appropriate and within the limits set forth under 42 U.S.C. § 1981a(b)(3)(A). Finally, Plaintiff submitted a detailed Petition for Attorney's Fees and Costs (#18) seeking $3,225.00 in attorney's fees and $320.00 in costs. The court has carefully reviewed this petition and finds these amounts appropriate.

IT IS THEREFORE ORDERED:

(1) Defendant Ramada Limited is dismissed from this action for failure to prosecute. The court will reconsider this ruling if Plaintiff provides legal authority indicating Defendant Ramada Limited has been properly served.

(2) Plaintiff's Petition for Attorney's Fees and Costs (#18) is GRANTED.

(3) Judgment is entered in favor of Plaintiff and against Defendant Richfield in the amount of $47,700.

(4) This case is terminated.

ENTERED this 17th day of April, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE